UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHELLE WEAVER<br>6633 Mineral Springs Rd.<br>Peebles, Ohio 45660<br><br>*On behalf of herself and all others similarly situated,*<br><br>        Plaintiff,<br><br>   *v.*<br><br>BROWN COUNTY SENIOR<br>CITIZENS COUNCIL<br>c/o Statutory Agent Sue Brooks-Lang<br>505 North Main Street<br>Georgetown, Ohio 45121<br><br>        Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Michelle Weaver, by and through counsel, for her Collective Action Complaint against Defendant Brown County Senior Citizens Council, states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this case to challenge the policies and practices of Defendant Brown County Senior Citizens Council that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case under the wage-and-hour statutes of the State of Ohio.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and laws of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's and other members of the FLSA Collective's claims occurred here.

## PARTIES

5. Plaintiff Michelle Weaver is a citizen of the United States and a resident of Adams County, Ohio.

6. Defendant Brown County Senior Citizens Council is an Ohio organization organized as a corporation for non-profit. According to records maintained by the Ohio Secretary of State, Brown County Senior Citizens Council's statutory agent for service of process is Sue Brooks-Lang, 505 North Main Street, Georgetown, Ohio 45121.[1]

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant Brown County Senior Citizens Council is a home health agency which provides "STNA's [sic], CNA's [sic], [and] Home Care Aides,"[2] who in turn provide home care services including but not limited to "[p]ersonal care, supported living, wheelchair accessible

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/470826 (last accessed Jan. 17, 2022).
[2] https://www.facebook.com/pages/category/Social-Service/Brown-County-Senior-Citizens-104021661672296/ (last accessed Jan. 17, 2022).

2

transportation with door to door assistance, transportation for medical appointments, private pay for non-medical transportation, homemaking, respite care[,] housing[,] FCSP Personal Care, HEAP Outreach, Homemaker, Personal Care, Transportation - Tracking Only, [and] Transportation: One-Way Trip."[3] Defendant operates out of 505 N. Main Street Georgetown, Ohio 45121.[4]

## Defendant's Status as an Employer

8. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. §§ 4111.01, et seq., and employed non-exempt hourly employees, including Plaintiff and the other members of the FLSA Collective.

9. Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. Upon information and belief, Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

12. Defendant was an employer of Plaintiff and the other members of the FLSA Collective in that it exercised the power to hire or fire employees; supervised and controlled employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

13. Although organized as a non-profit corporation, Defendant Brown County Senior Citizens Council is also an enterprise under 29 U.S.C. § 203(r)(1) performing activities for a

---

[3] https://www.aaa7.org/AGModules/ProviderSearchLucene/ProviderDetailsLucene.aspx?OrgID= 564761&mid=3013&tabid=0&letter=B&state= (last accessed Jan. 17, 2022).
[4] *Id*.; https://business.browncountyohiochamber.com/list/member/brown-county-senior-citizens-council-48 (last accessed Jan. 17, 2022).

"'business' purpose[,]" 29 C.F.R. § 779.214, because it competes with for-profit institutions performing the same services in Brown County, Ohio.

### Plaintiff's and the FLSA Collective's Employment Statuses with Defendant

14. Plaintiff Michelle Weaver was employed by Defendant as a home health aide from approximately April 2014 to approximately January 2022.

15. Part of Plaintiff's and other members of the FLSA Collective's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's and other members of the FLSA Collective's job duties included handling products that were manufactured and/or distributed in interstate commerce that were necessary for Defendant's commercial purpose.

16. At all times relevant, Plaintiff and the other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, et seq.

17. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

18. In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir. 2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S. Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the overtime provisions of the FLSA to home care employees, including Plaintiff and other members of the FLSA Collective.

19. Effective January 1, 2015, home care employees, including Plaintiff and other members of the FLSA Collective are non-exempt employees, and must be compensated at one and one-half times their normal hourly rate for hours worked over forty (40) in a week.

### Defendant's Failure to Pay Overtime Compensation

20. During their employment with Defendant, Plaintiff and other members of the FLSA Collective were required to work substantial amounts of overtime.

21. Plaintiff Michelle Weaver regularly worked 100 or more hours each workweek. For example, during the two-workweek pay period from October 16, 2021 to October 31, 2021, Plaintiff Michelle Weaver worked 201 hours, or at least 121 hours of overtime during this biweekly pay period.

22. Instead of compensating Plaintiff and other members of the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective their regular, straight time hourly rates for all hours worked.

23. For example, during the two-workweek pay period from October 16, 2021 to October 31, 2021, Plaintiff worked 201 hours and was paid a straight-time rate of $13.00 per hour for 201 hours, for a total of $2,613.00. Defendant did not pay overtime compensation during this two-workweek pay period to Plaintiff Michelle Weaver.

24. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

25. Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek.

26. As a result, Plaintiff and other members of the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### The Willfulness of Defendant's Violations

27. Defendant knew that Plaintiff was entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether she was so entitled.

28. Defendant's common policies as applied and alleged in this Complaint were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the overtime laws, or with a reckless disregard for whether or not the policies and practices were in violation of these laws. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to overtime pay under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required.

29. In addition, O.R.C. § 4111.09 specifically provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." [5] As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week, except for employers grossing less

---

[5] https://codes.ohio.gov/ohio-revised-code/section-4111.09 (last accessed Jan. 17, 2022).

6

than $150,000 per year." [6] Defendant therefore knew about the overtime requirements of the FLSA and Ohio law or acted in reckless disregard for whether Plaintiff Weaver was entitled to overtime compensation.

30. In addition, by denying Plaintiff overtime compensation as required by the FLSA and Ohio law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring overtime pay under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the requirements of compliance as required.

31. Plaintiff is therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

32. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

35. The FLSA Collective consists of:

---

[6] https://www.com.ohio.gov/documents/dico_2021MinimumWageposter.pdf (last accessed Jand. 17, 2022).

> All present and former non-exempt employees of Defendant who performed home care and/or related services during the period of three years preceding the commencement of this action to the present.

36. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

37. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

38. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 10 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

41. The FLSA requires that "non-exempt" employees, including Plaintiff and other members of the FLSA Collective, are required to be paid overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

42. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

43. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rates for all of their overtime hours.

44. By engaging in the above practices and policies, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

45. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

48. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

49. Defendant's failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

50. These violations of Ohio law injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

51. O.R.C. 4111.10(A) provides that Defendant, having violated O.R.C. 4111.03 and injured Plaintiff and other members of the FLSA Collective, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff and other members of the FLSA Collective compensatory damages, prejudgment interest, postjudgment interest, costs and attorneys' fees incurred in prosecuting this action, costs and attorneys' fees incurred in collecting on any judgment, and such further relief as the Court deems equitable and just.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780) (Trial Counsel)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)