# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE WEAVER, *on behalf of herself and all others similarly situated,* | : : : | Case No. 1:22-cv-70 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| BROWN COUNTY SENIOR CITIZENS COUNCIL, | : : : | |
| Defendant. | : : | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION AND CLASS NOTICE (Doc. 15)

This civil action is before the Court on Plaintiff's motion for conditional class certification and Court-authorized notice to a proposed Fair Labor Standards Act ("FLSA" or "the Act") collective action (Doc. 15) to which Defendant Brown County Senior Citizens Council ("Defendant") has failed to respond.

## I. BACKGROUND

Defendant is an Ohio corporation operating a home health agency. (Doc. 1 at ¶ 7). Plaintiff Michelle Weaver worked as an hourly home health aide for Defendant from approximately April 2014 to January 2022. *Id.* at ¶ 14. Plaintiff and other hourly home health aides at Defendant's residential care facilities are paid straight time for all hours they work, including overtime hours. Plaintiff has attached pay stubs to her declaration that document this fact as to her. (Doc. 15-2). And Plaintiff has provided declarations of two other home health aides who worked for Defendant and were paid based on the same

policy. (Docs. 15-3 and 15-4).

The FLSA generally requires covered employers to pay a minimum wage and overtime to certain categories of employees. 29 U.S.C. §§ 206(a), 207(a). The Act is administered by the Department of Labor. In 2013, the Department of Labor revised regulations implementing the FLSA to add home health aides to the category of workers subject to overtime and minimum wage requirements. 29 C.F.R. § 552.109(a). By a unanimous panel decision, the D.C. Circuit upheld the Department of Labor's rulemaking against an APA challenge by a trade association of home care providers. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015). Accordingly, home health aides are non-exempt employees entitled to the Act's minimum wage and overtime protections.

Section 7(a) of the FLSA sets the maximum number of hours that a non-exempt employee may work for an employer without receiving additional overtime pay. *See* 29 CFR § 778.101. Section 7(a) provides:

> [N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The statute's regulations further reinforce that "persons may not be employed for more than a stated number of hours a week without receiving at least one and one-half times their regular rate of pay for the overtime hours." 29 C.F.R. § 785.49(b); *see also* 29 C.F.R. § 778.100. Thus, in any workweek in which an hourly, non-exempt employee works for an employer, the employer must total the employee's hours worked and determine whether the employee worked overtime. 29 C.F.R. §

2

778.103. If the employee has worked overtime, the employer is required to "pay overtime compensation for each hour worked in excess of the maximum [40] hours." *Id*.

## II. STANDARD ON A MOTION FOR CONDITIONAL CERTIFICATION

The FLSA allows employees to collectively sue an employer to recover unpaid minimum wages and overtime compensation. *See* 29 U.S.C. § 216(b). In relevant part, the statute provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, 29 U.S.C. § 216(b) establishes two requirements for a collective action: (1) the plaintiffs must be "similarly situated" and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Sixth Circuit has implicitly endorsed a two-step procedure for determining whether an FLSA case should proceed as a collective action. *Hughes*, 2015 WL 4112312, at *2 (citing *In re HCR ManorCare, Inc.*, No. 11-3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011)). At the first stage, the court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be

3

given to putative class members. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011). At the second stage, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiffs' claims. *Id.*

The FLSA does not define the term "similarly situated." However, the Sixth Circuit has held that employees are similarly situated if they "suffer from a single[] FLSA-violating policy," or if their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Ford v. Carnegie Mgmt. Servs.*, No. 2:16-CV-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)); *see also Castillo v. Morales, Inc.*, 302 F.R.D. 480, 484 (S.D. Ohio 2014).

At the first stage of the similarly situated analysis (the stage at issue here), a plaintiff must only make a "modest showing" that he or she is "similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). This standard is "fairly lenient" and "typically results in conditional certification." *Id.* (quoting *Comer*, 454 F.3d at 547). Ultimately, the issue of whether to grant conditional certification is within the district court's discretion. *Comer*, 454 F.3d at 546.

When considering a motion for conditional certification, the court does not consider the merits of the claims, resolve factual disputes, or analyze credibility. *Swigart*, 276 F.R.D. at 214. Doing so would "intrude improperly into the merits of the action." *Lacy v. Reddy Elec. Co.*, No. 3:11-CV-52, 2011 WL 6149842, at *3 (S.D. Ohio

4

Dec. 9, 2011) (quoting *Murton v. Measurecomp LLC*, No. 1:07-CV-3127, 2008 WL 5725631, at *5 (N.D. Ohio June 9, 2008)); *see also Hamm*, 275 F. Supp. 3d 863, 869 (S.D. Ohio 2017) ("The Court does not weigh evidence or evaluate the merits of the parties' claims at the conditional certification stage.").

### III. ANALYSIS

At this early stage of the case, before meaningful discovery has occurred, the Court is satisfied that Plaintiff's claims and those of the potential opt-ins "accrued in approximately the same manner" and are "unified by common theories" of Defendant's statutory liability. *Castillo*, 302 F.R.D. at 483-85 (quoting *O'Brien*, 575 F.3d at 585; *Lewis*, 789 F. Supp. 2d at 868). Defendant has not challenged that home health aides are non-exempt employees. Nor, it seems, could they. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015) (rejecting an APA challenge to Department of Labor regulations that bring home health aides within the protections of the FLSA).

Plaintiff has shown that, though she worked overtime regularly, she was never paid appropriately for it. By the declarations she submits with her motions, she demonstrates that Defendant's other home health aides were subject to the same timekeeping and payroll policies, and likewise were not paid for their overtime work. On a motion for conditional certification, Plaintiff has met the "modest" to demonstrate the proposed collective would be similarly situated. *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011).

The Court does not, however, adopt Plaintiff's proposed class wholesale. "[T]he weight of authority within the Southern District of Ohio indicates the class period should

5

run from the date of an Order granting conditional certification and not the filing of this lawsuit." *Bradford v. Team Pizza, Inc.*, No. 1:20-CV-00060, 2020 WL 5987840, at *3 (S.D. Ohio Oct. 9, 2020). *See also Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016) (Marbley, J.) ("Courts in the Sixth Circuit have found that class certification is appropriately limited to three years prior to the date of approval of the notice, and not the filing of the lawsuit.") (citing *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015)). Accordingly, the Court modifies Plaintiff's proposed class to encompass only those home health aides who worked for Defendant starting three years before the date of this Order. Opt-in plaintiffs may therefore join the suit if they are or were hourly home health aides for Defendant, who were not paid time and a half for overtime they worked at any point from July 25, 2019, to the present.

### IV. STANDARD FOR GRANTING COURT AUTHORIZED NOTICE

Courts may facilitate notice to putative collective class members so long as the Court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on the merits. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). The Court may supervise notice so that potential plaintiffs are provided "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. at 170.

Here, Plaintiff proposes notice by mail and email to all employees covered by the Court's conditionally certified class above. Defendant has not contested Plaintiff's proposed notice. The Court has reviewed the proposed notice and finds it does not

inappropriately communicate any encouragement to join the suit, nor does it express any approval of its merits. The Court further concludes that notice as Plaintiff proposes would be "accurate and timely" permitting potential plaintiffs to make "informed decisions about whether to participate." *Id.*; *see also Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (endorsing notice by mail and email as the "clear trend").

## V. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Conditional Certification, Opt-In Identification Discovery, and Court Supervised Notice to Potential Opt-In Plaintiffs is **GRANTED in substance.** The Court conditionally certifies the following class:

> **All present and former non-exempt employees of Defendant who performed home care and/or related services, from July 25, 2019, three years prior to the date of this Order, to the present.**

Within 21 days of this Order, Defendant **SHALL** identify all potential opt-in plaintiffs and provide a list, in an electronic importable format, including their names, addresses, and all known email addresses. Upon receiving the list, Plaintiffs **SHALL** forthwith issue notice to potential opt-in plaintiffs. The opt-in period **SHALL** remain open for 60 days after notice is sent.

**IT IS SO ORDERED.**

Date: 7/25/2022

s/Timothy S. Black
Timothy S. Black
United States District Judge